In the Matter of the Estate of BESSIE B. LAPREJATO, Deceased.

Surrogate's Court, Orange County, March 8, 1955.

*Albert W. Davis* for Clarence Board, as executor of Bessie Laprejato, deceased.

*Frederick F. Gessner,* special guardian for Gilbert Hall, an infant.

CALYER, S. The decedent left a will by which she gave her entire residuary estate to her grandson, Gilbert Hall, and in which she provided that if he were a minor at the time he became entitled to any legacy under the will, the legacy should be paid to his mother, Elizabeth Hall Moser.

The estate is now ready for distribution, and said Gilbert Hall is a minor under fourteen years of age. Among the assets of the estate are 172 shares of 4% preferred stock of the Orange and Rockland Electric Co., which according to testimony presented herein are worth $100 per share. The testimony also shows that sale of this stock would not result in any loss of principal, and would result in loss of income only if the proceeds of such sale could not be reinvested at 4% or better.

The mother of the infant residuary legatee has qualified as donee of a power in trust, and asks that this stock be turned over to her in kind. The special guardian appointed to represent the infant properly states that he cannot consent to this transfer in kind, because the stock would not be a legal investment by a guardian. It is conceded that this stock is a sound investment which pays a good return. However, it is not listed and registered on any national securities exchange, and is, therefore, not a legal investment for a guardian (Domestic Relations Law, § 85; Personal Property Law, § 21). A donee of a power in trust has the same rights and duties as a general guardian (Surrogate's Ct. Act, § 194-a) and is subject to the same limitations.

Since a consent has not been filed by all interested parties, and since there has been no proof that a sale of this stock would cause a loss to the infant, I must hold that delivery in kind to the donee of the power in trust must be denied (Surrogate's Ct. Act, § 268).

**Proceed accordingly.**